## BAILEY v. CITY OF SIOUX FALLS.

1. A resolution by a city for the purchase of boilers with which to operate its electric light plant, with the understanding that it will enter into a contract for the purchase of the boilers, and agree that an appropriation therefor shall be made at a future time, and that the boilers are not to be paid for until the appropriation is made and warrants drawn on the special fund, and that no agreement for the purchase will be made whereby the seller will receive any warrants or money for the boilers until the appropriation is made, and that the city will in no way obligate itself to pay for the boilers until an appropriation is made and warrants issued, does not create a debt in the sense of the Constitution limiting municipal indebtedness.

2. A taxpayer seeking to enjoin the officers of a city from incurring a debt beyond the constitutional limitation does not lose his remedy nor suffer irreparable injury by reason of the court denying a preliminary injunction to restrain the officers of the city from incurring the indebtedness.

(Opinion filed April 4, 1905.)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Suit by C. O. Bailey against the city of Sioux Falls. From an order denying a temporary injunction, plaintiff appeals. Affirmed.

*Davis, Lyon & Gates* and *Bailey & Voorhees*, for appellant.
*Hosmer H. Keith*, for respondent.

FULLER, J. This appeal is from an order denying a temporary injunction in an action by a taxpayer to permanently restrain the city officials of Sioux Falls from incurring an indebtedness of $6,000 for two new boilers with which to operate its electric light plant, installed during the year 1901, and since

maintained for the use and benefit of the inhabitants of the city. Though the affidavits presented to the trial court are conflicting in many material particulars, it cannot be said that the evidence is insufficient to justify the conclusion that a sufficient amount to warrent the alleged expenditure still remains in the current fund provided for electric light maintenance by the annual appropriation bill passed at the regular September, 1903, meeting. Moreover, it clearly appears that the city council has no intention of creating a debt until the same is provided for in the annual appropriation bill for the year 1904. That an imperative necessity for the boilers exists is undisputed, and the nature of the contemplated transaction is shown by the following well-corroborated affidavit: "That it is the intention of said city to enter into the contract for the purchase of the boilers, costing about $6,000.00, agreeing by proper resolution or ordinance that the appropriation shall be made for said purpose in September, 1904, and that said boilers are not to be paid for until such appropriation is made and warrants drawn on said special fund, and that no agreement or contract for the purchase of said boilers will be made whereby the seller will ask or receive of the city any warrants or money for said boilers until the appropriation is made by said city to meet the same, and said city will in no way obligate itself to pay for said boilers until an appropriation is made and warrants issued on said appropriation." Upon principle the case of the Burlington Water Co. v. Woodward, 49 Iowa 58, is somewhat analogous, and from the opinion of the court we quote as follows: "Now, the ordinance expressly provides that the city may purchase the works as soon as its financial condition will permit. But this provision cannot have the ef-

fect to create a present or future indebtedness, and without serious doubt was agreed upon in view of the present financial condition of the city. If at some time in the future the city can, without a violation of the Constitution, purchase the works and chooses to do so, we are unable to see that such a state of facts creates a present indebtedness, or that any obligation is now assumed by which a debt can be said to be created which is unconstitutional. * * * The obligation of the city is to levy the tax, and see that the amount collected is applied to the specified purposes. If the special fund legally provided is not sufficient, then it may be well said the deficiency is not payable by the city, and it is difficult to canceive that there can be such a thing as a debt which is never to be paid. No burden is created thereby, and there cannot be such an indebtedness. In a constitutional sense the prohibited indebtedness must be a burden, and payable by the city from funds which could not constitutionally be appropriated to that purpose." Assuming, as claimed by counsel, that an indebtedness beyond the constitutional limitation is being incurred by purchasing the boilers for the use of the city, appellant does not lose his remedy, nor suffer irreparable injury, because all persons dealing with a municipality are charged with full knowledge of its powers, and corporate liability or relief for the seller of the boilers, either at law or in equity, would be exceedingly doubtful. Wilson v. City of Mitchell, 17 S. D. 515; 97 N. W. 741, 65 L. R. A. 158; Balch v. Beach et al., 95 N. W. 132.

The action of the trial court in denying the preliminary injunction is clearly within judicial discretion, and the order appealed from is affirmed.

CORSON, P. J., taking no part in this decision.